17-4080-ag
*Patton v. U.S. Dep't of Labor*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
                      CHRISTOPHER F. DRONEY,
                      RICHARD J. SULLIVAN,
                                  *Circuit Judges.*

———————————————————————

WILLIAM PATTON,

                            *Petitioner*,                                              17-4080-ag

                    v.

UNITED STATES DEPARTMENT OF LABOR, UNITED
STATES DEPARTMENT OF THE ARMY,

                            *Respondents.*

———————————————————————

**FOR PETITIONER:**                                          William Patton, *pro se*, Verona, Italy.

1

**FOR RESPONDENTS:** Charles W. Scarborough and Courtney L. Dixon, Attorneys, Appellate Staff, *for* Chad A. Readler, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Washington, D.C.

Appeal from an order of the United States Department of Labor Benefits Review Board.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 23, 2017 order of the United States Department of Labor Benefits Review Board be and hereby is **AFFIRMED**, and the petition for review is **DENIED**.

Petitioner William Patton ("Patton"), proceeding *pro se*, seeks review of an order of the United States Department of Labor Benefits Review Board (the "Board") affirming the denial of Patton's claim for disability and medical benefits under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, and the dismissal of his LHWCA discrimination claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, "[o]ur review is limited to whether the [Board] made any errors of law and whether substantial evidence supports the [administrative law judge's ("ALJ")] findings of fact." *Rainey v. Dir., Office of Workers' Comp.*, 517 F.3d 632, 634 (2d Cir. 2008). Under the substantial evidence standard, if the ALJ's decision "is supported by substantial evidence, is not irrational, and is in accordance with the law, the decision must be affirmed." *Id.* (quotation mark omitted).

Here, the ALJ correctly concluded that Patton's claim for disability benefits for a hernia injury is untimely. Claims under the LHWCA are subject to a one-year statute of limitations. *See* 33 U.S.C. § 913(a). Patton testified that he sustained a work-related hernia injury in March 2002 and underwent hernia surgery in November 2003. Because Patton's claim accrued no later than the date of his surgery, he was required to seek benefits under the LWHCA before November 2004. But he did not file his disability claim until April 2008, well after the one-year limitations period expired.

The ALJ was also correct that the LHWCA's tolling provision does not apply. Under 33 U.S.C. § 930(f), the limitations period for filing a claim for benefits is tolled if the employer "has been given notice" or "has knowledge" of the claimed injury and "fails, neglects, or refuses to file" a particular report. Though Patton's employer did not file the required report until May 2007, when Patton submitted certain paperwork related to his injuries, substantial evidence supports the ALJ's finding that the employer did not know Patton suffered a work-related injury until that time.

Therefore, section 930(f)'s tolling provision was never triggered. Accordingly, this claim is time-barred.

We likewise conclude that the ALJ's denial of disability benefits for chronic obstructive pulmonary disease ("COPD") and an alleged work-related psychological injury is supported by substantial evidence. With respect to Patton's COPD, the ALJ was entitled to give substantial weight to the opinions of Doctors Frederic Gerr and Robert Dal Negro—both of whom concluded that Patton's COPD was unlikely to have been caused or aggravated by his employment at the Elderle Hotel—and to discount the equivocal evidence provided by Doctor Fernando Villa. Similarly, as to Patton's alleged psychological injury, the ALJ was entitled to rely on medical evidence suggesting that Patton suffers from an anxiety disorder that manifested well before he began working at the Elderle Hotel, and to discount arguably conflicting evidence provided by Patton's doctor, a general practitioner with no expertise in psychology.

Finally, substantial evidence supports the ALJ's dismissal of Patton's LHWCA discrimination claim. Under 33 U.S.C. § 948a, it is unlawful for an employer "to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer." Patton failed to establish a prima facie case of discrimination because, other than his own speculative testimony, he adduced no evidence that he was terminated to prevent him from filing a worker's compensation claim. *See Babick v. Todd Pac. Shipyards Corp.*, 2015 WL 1802689, at *2 (Ben. Rev. Bd. Mar. 30, 2015) (adopting burden-shifting framework that first requires claimant to make out a prima facie case). Accordingly, the ALJ properly dismissed Patton's discrimination claim.

## CONCLUSION

We have considered Patton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the Board's order and **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3